IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOHN SCOTT CASTO, II,

    **Plaintiff,**

v.                                                        Civil Action No. 3:16-cv-05848

BRANCH BANKING AND
TRUST COMPANY,

    **Defendant.**

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Branch Banking and Trust Company ("BB&T"), by counsel, submits this Reply Memorandum in support of its Motion for Summary Judgment against the Complaint filed by John Scott Casto, II ("Plaintiff").

### I.    INTRODUCTION

In Plaintiff's Response to BB&T's Motion and Memorandum in Support for Summary Judgment ("Plaintiff's Opposition") he fails to rebut any of BB&T's arguments in favor of summary judgment. Instead, Plaintiff seeks to focus only on their *belief* (but without citing any admissible evidence) that BB&T's statutory registered agent, CT Corporation, received a cease and desist letter sometime before January 6, 2016. Plaintiff cannot point to a single material fact which supports this belief. Because there are no genuine issues of material fact, Plaintiff's Complaint cannot survive summary judgment.

### II.    ARGUMENT

**A.    Plaintiff Presents Only Speculation and No *Facts* to Contradict that CT Corporation Received the Cease and Desist Letter on January 6, 2016.**

Plaintiff's Opposition relies on their suspicion that CT Corporation, BB&T's registered agent in West Virginia, has a "postal anomaly" with first class mail. Plaintiff's Opposition ¶ 1.

However, bare suspicion is all that the Plaintiff can muster. Despite two rounds of discovery, Plaintiff can only provide anecdotal cases that apparently also allege other postal anomalies. Allegations are not enough to create a genuine issue of material fact. The only evidence that Plaintiff does rely on is CT Corporation's own "Service of Process Transmittal" to their Opposition that shows the "Date and Hour of Service" of the cease and desist letter to be "By Regular Mail on 01/06/2016 postmarked on 12/21/2015." *See* Exhibit A to Plaintiff's Opposition.[1]

Plaintiff's belief about CT Corporation is not "concrete evidence from which a reasonable juror could return a verdict" for Plaintiff, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986), because it cannot rise above a mere "scintilla of evidence." *Id.* at 252. Even more important is that "conclusory allegations or *unsupported speculation*, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 734 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997) (emphasis added). "At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Everett, Inc. v. National Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). Plaintiff's anecdotal case references are grasping attempts to formulate an argument on mere suspicions, not fact.

Plaintiff's Opposition cites no authority to support their hope that summary judgment can be denied on the basis of their suspicions. Present in the record and attached to both Plaintiff's Opposition and BB&T's Motion for Summary Judgment is the document evidencing that CT

---

[1] CT Corporation's "Service of Process Transmittal" is also attached to BB&T's Memorandum in Support of its Motion for Summary Judgment as Exhibit 4 to the Declaration of Bobby Taylor (itself attached as Exhibit A).

Corporation received the cease and desist letter on January 6, 2016. For these reasons, Plaintiff has not yet presented any issues as to genuine material facts that any of their claims should survive this motion to dismiss. As such, summary judgment should be granted as to all of Plaintiff's counts.

      **B.**    **Plaintiff's Failure to Respond to His Pleading Deficiencies Signal Abandonment of Those Causes of Action.**

In addition to failing to present any issues of fact as to the date the cease and desist letter was received, Plaintiff abandoned many of their causes of action by failing to respond. In its Memorandum in Support of its Motion Summary Judgment ("BB&T's Brief in Support"), BB&T identifies deficiencies in Plaintiff's Complaint for the following counts:

- **Count II**: Violations of the West Virginia Consumer Credit Protection Act ("WVCCPA") ("there is no evidence of any showing that BB&T failed to disclose its identity to Plaintiff") BB&T Brief in Support at p. 8;

- **Count IV**: Violations of the Telephone Harassment Statute ("THS") ("there is no private right of action under the THS, and West Virginia's federal district courts have held that W. Va. Code § 55-7-9 cannot create a civil private right of action under § 61-8-16) (citations omitted) *Id.*;

- **Count V**: Negligence ("[Plaintiff] merely makes a conclusory statement that BB&T's employees are negligently trained, without alleging [] the negligence elements as to any employee [as required under West Virginia law].") BB&T Brief in Support at p. 9; and

- **Count VI and VII**: Intentional Infliction of Emotional Distress and Invasion of Privacy ("there is no allegation, much less evidence, that the calls were of vicious quality or would be highly offensive to a reasonable person.") BB&T Brief in Support at p. 10-11.

In Plaintiff's Opposition, he does not rebut or refute these arguments. This Court, as it has done before, may consider this a wavier or abandonment of these causes of action. *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 507 (S.D.W. Va. Feb. 12, 2014) (citing *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001) and quoting *Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp. 2d 540, 560-61 (D.S.C. 2009) ("The failure of a party to address an

issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action.").

Because Plaintiff's Opposition fails to rebut BB&T's arguments regarding his deficiencies in pleading the necessary elements for the above claims, summary judgment should at least be granted as to Counts II, IV, V, VI, and VII.

## V.   CONCLUSION

Plaintiff fails to provide more than a "mere scintilla of evidence" by only stating mere "conclusory allegations or unsupported speculation" rather than concrete evidence in their response.  Plaintiff also fails to rebut BB&T's identified deficiencies in their complaint which represents an abandonment of those causes of action.  For these above reasons, Defendant BB&T, by counsel, respectfully requests that the Court grant its Motion for Summary Judgment and enter an Order dismissing Plaintiff's Complaint and each and every claim therein with prejudice and granting Defendant any further legal or equitable relief that the Court deems appropriate.

Dated:  May 18, 2017                                    Respectfully submitted,

                                                            **BRANCH BANKING AND TRUST COMPANY**

                                                            By:  /s/ Massie P. Cooper
                                                                     Of Counsel

D. Kyle Deak (WV Bar No. 11604)
TROUTMAN SANDERS LLP
Post Office Drawer 1389
Raleigh, North Carolina 27602
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
E-mail: kyle.deak@troutmansanders.com

Massie Payne Cooper (WV Bar No. 12654)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1392
Facsimile: (804) 697-1339
E-mail: massie.cooper@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOHN SCOTT CASTO, II,

    Plaintiff,

  v.                                         Civil Action No. 3:16-cv-05848

BRANCH BANKING AND
TRUST COMPANY,

    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2017, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system which shall send notification of such filing to all counsel of record.

>Daniel K. Armstrong
>Benjamin Sheridan
>Klein and Sheridan LC
>3566 Teays Valley Road
>Hurricane, WV 25526
>*Counsel for Plaintiff*

>  /s/ Massie P. Cooper
>Massie Payne Cooper (WV Bar No. 12654)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone: (804) 697-1392
>Facsimile: (804) 697-1339
>E-mail: massie.cooper@troutmansanders.com

>*Counsel for Defendant*

31367492