# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JOHN SCOTT CASTO II,

        Plaintiff,

v.                              CIVIL ACTION NO.   3:16-5848

BRANCH BANKING AND
TRUST COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff John Scott Casto II's Motion to Compel Depositions and for a New Scheduling Order (ECF No. 23) and Defendant Branch Banking and Trust Company's Motion for Summary Judgment. ECF No. 26. For the following reasons, the Court **GRANTS, in part,** Plaintiff's motion and **HOLDS IN ABEYANCE** Defendant's motion.

This action involves the debt collection efforts made by Defendant against Plaintiff. It is undisputed that Plaintiff mailed a letter to Defendant withdrawing his consent to be contacted by phone and advising Defendant that he hired an attorney. The letter is postmarked December 21, 2015. Defendant states that the letter was received by its registered agent on January 6, 2016, and it was recorded in its business records on January 7, 2016. The parties agree that no phone calls were made after January 7, 2016. As no calls were made thereafter, Defendant moves for summary judgment on Plaintiff's claims it violated the Telephone Consumer Protection Act (Count I), the West Virginia Consumer Credit and Protection Act (Count II), West Virginia Computer Crimes and Abuse Act (Count III), West Virginia Telephone Harassment Statute (Count IV), common law

negligence (Count V), Intentional Infliction of Emotional Distress (Count VI), and Common Law Invasion of Privacy (Count VII).

Plaintiff responds that the only issue to resolve is when the registered agent received the notice.[1] Plaintiff insists that it should not have taken from December 21 to January 6 to travel thirteen miles to reach Defendant's agent. Plaintiff's counsel states he is aware of five cases in which Defendant's registered agent states it never received letters of attorney representation, and one case in which the agent said a letter was received three weeks after it was sent. Plaintiff speculates that his letter likely was received by December 22, and alleges that Defendant called him at least 27 times between December 22 and January 7. Thus, Plaintiff insists that the issue of when the letter was received must be reserved for a jury.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts

---

[1] Defendant makes several other arguments why summary judgment is appropriate, and Plaintiff did not respond to these arguments. As the foremost issue in the motion is when Defendant received Plaintiff's letter, the Court withholds any judgment on Defendant's other arguments until this central issue is resolved.

in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

In this case, it is clear that Plaintiff's mere speculation about when his letter may have been received is not sufficient to defeat summary judgment. However, prior to Defendant filing its Motion for Summary Judgment, Plaintiff filed his Motion to Compel Depositions and for a New Scheduling Order. In his motion, Plaintiff states he has been attempting to schedule depositions of Defendant's corporate representatives for months to no avail because defense counsel has failed to provide dates for those depositions. In response, Defendant states it does not oppose a new Scheduling Order to permit a deposition, but it does object to the scope of the depositions sought by Plaintiff.

According to Defendant, Plaintiff requests a Rule 30(b)(6) deposition covering the following topics:

1. Defendant's policies and procedures on collections in West Virginia during the four years prior to the filing of this civil action;

2. Training of collections staff for debt collection in West Virginia during the four years prior to the filing of this civil action;

3. Debt collection techniques and systems, including computer systems used for debt collection in West Virginia used the four years prior to the filing of this civil action;

4. Compliance with West Virginia and national debt collection laws as they were used in West Virginia debt collection in the four years prior to the filing of this civil action;

5. Knowledge of past litigation in West Virginia over the four years prior to the filing of this civil action involving debt collection abuse allegations; and

6. The facts and substance of the case as they relate to the Defendant and as they are articulated in the complaint.

*Def.'s Opp'n to Pl.'s Mot. to Compel Dep. and for a New Sched. Order*, at 2-3 (ECF No. 25). Defendant argues that these boilerplate requests are far too broad in light of the allegations in this case. Plaintiff did not file a reply to Defendant's argument.

Upon review, and in consideration of Plaintiff's statement that "[t]he only issue in this matter is when Defendant's registered agent received notice[,]"[2] the Court agrees with Defendant that, at this point, the scope of the depositions sought by Plaintiff is too broad. Nevertheless, the Court finds Plaintiff is entitled to a conduct a more limited deposition related to Defendant's practices, policies, and procedures for handling incoming mail and to determine if Defendant's agent received Plaintiff's letter prior to January 6. Therefore, the Court **GRANTS, in part,** Plaintiff's motion and **DIRECTS** Defendant to provide Plaintiff the names of representatives

---

[2]*Pl.'s Resp. to Def.'s Mot. for Summ. J.*, at 1 (ECF No. 31).

who can address these issues **on or before August 8, 2017**. The Court further **DIRECTS** the parties to cooperate in scheduling the deposition(s) **on or before Tuesday, September 5, 2017.**

Following the deposition(s), the Court **DIRECTS** Plaintiff to file a surresponse **on or before Tuesday, September 19, 2017** to Defendant's Motion for Summary Judgment setting forth what admissible evidence, if any, Plaintiff has to show to support his speculation that Defendant received his letter prior to January 6. Defendant shall have until **Tuesday, September 26, 2017** to file a surreply. Until the Court has the opportunity to review the supplemental briefing, the Court **HOLDS IN ABEYANCE** Defendant's Motion for Summary Judgment. If Plaintiff can produce admissible evidence that Defendant made phone calls after it received his letter and he survives summary judgment, the parties should attempt to work out the scope of additional discovery and, if necessary, file a motion with proposed dates to modify the current Scheduling Order to accommodate any necessary changes.

Finally, the Court **DENIES** Plaintiff's request he be reimbursed costs associated with filling his Motion to Compel. Here, the Court finds Defendant's objection to the scope of the depositions was "substantially justified," and "an award of expenses [is] unjust." *Fed. R. Civ. P.* 37(a)(5)(A)(ii) & (iii).

Accordingly, for the foregoing reasons, the Court **GRANTS, in part**, Plaintiff's Motion to Compel to the extent set forth above, **DIRECTS** Defendant to provide Plaintiff the names of representatives who can address the issues discussed above **on or before August 8, 2017**,

**DIRECTS** the parties to cooperate in scheduling deposition(s) **on or before Tuesday, September 5, 2017**, **DIRECTS** Plaintiff to file a surresponse to Defendant's Motion for Summary Judgment **on or before Tuesday, September 19, 2017**, **DIRECTS** Defendant to file a surreply **on or before Tuesday, September 26, 2017**, **HOLDS IN ABEYANCE** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's request he be reimbursed costs associated with filling his Motion to Compel.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 27, 2017

_____

ROBERT C. CHAMBERS, CHIEF JUDGE